IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JAMES DARLING an individual, | ) | No. 33807-0-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| LAWRENCE BROWN a married individual and, BRIAN MAIN a married individual and as members of RED TOWER, LLC, a limited liability company, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| GREGORY D. JEFFEREYS, and KIMBERLY JEFFEREYS, a married couple, POACHER'S ROCK, LLC, a limited liability company, GRANT PERSON and JAN DOE PERSON, a married couple, SCOTT PERSON, an individual, SONRISE LAND, LLC, a limited liability company, and NAI BLACK REALTY COMPANY, a domestic corporation, and ERIC | ) | |

No. 33807-0-III
*Darling v. Jeffereys*

SATCHJEN, an individual and          )
WORKLAND WITHERSPOON a                )
domestic corporation,                )
                                     )
                  Defendants,        )
                                     )
AUBLE & ASSOCIATES, INC., a          )
domestic corporation, SCOT D. AUBLE  )
and JANE DOE AUBLE, a married        )
couple,                              )
                                     )
                  Respondents.       )

PENNELL, J. — James Darling appeals a summary judgment order dismissing his claims against Auble & Associates, Inc. for alleged improper property appraisals. Because Mr. Darling filed suit outside the time permitted by the statute of limitations, we affirm.

BACKGROUND

Mr. Darling's suit stems from two financially devastating property transactions involving the former Ridpath Hotel in Spokane, Washington. Scot Auble of Auble & Associates, Inc., (collectively "Auble") provided the appraisals for each transaction. Mr. Darling did not retain Auble for the appraisals and was not privy to the appraisal contracts. Instead, the appraisals were arranged by Mr. Darling's banks. Mr. Darling did not see the appraisals prior to closing the two Ridpath transactions in 2008. However, he later obtained copies of the appraisal reports—one in 2008 and the other in 2010.

2

Mr. Darling filed suit against Auble[1] in 2014 alleging negligent misrepresentation, negligence, fraud, civil conspiracy, outrage, and violation of the Consumer Protection Act, chapter 19.86 RCW (CPA). On motion from Auble, the trial court dismissed Mr. Darling's CPA claim for lack of public impact. The court also dismissed the remaining causes of action as time barred. Mr. Darling appeals the dismissal of all but his CPA claim.

## ANALYSIS

Mr. Darling's complaint against Auble is governed by a three-year statute of limitations. RCW 4.16.080. At the very latest, the limitations period began to run in 2010 when Mr. Darling received the second of Auble's appraisals. At that point, Mr. Darling had all the information necessary to connect Auble to his financial losses and file suit. Yet Mr. Darling waited approximately four years. This was untimely. While Mr. Darling may not have appreciated the alleged deficiencies with Auble's appraisals until after consulting with an expert, this type of ignorance does not excuse inaction. *Green v. APC*, 136 Wn.2d 87, 96, 960 P.2d 912 (1998); *Allen v. State*, 118 Wn.2d 753, 758, 826 P.2d 200 (1992).

---

[1] While Mr. Darling filed claims against multiple entities, only those claims against Auble are involved in this appeal.

No. 33807-0-III
*Darling v. Jeffereys*

CONCLUSION

The trial court's order of dismissal is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Korsmo, J.

4